KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Jason Brooks, | No. CV 09-502-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Glendale Police Department, et al., | |
| Defendants. | |

Plaintiff Cory Jason Brooks, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $8.60. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
2  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4  be granted, or that seek monetary relief from a defendant who is immune from such relief.
5  28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the
6  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
7  before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
8  (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because the
9  defects cannot be corrected.

10 **III.    Complaint**

11  Plaintiff sues the Glendale Police Department and Glendale Police Officer Steven
12  Julian. Plaintiff's sole ground for relief is that Defendant Julian violated the Arizona
13  constitution when he lied during Plaintiff's preliminary hearing. Plaintiff seeks monetary
14  compensation for time spent in jail and pain and suffering.

15 **IV.    Failure to State a Claim**

16  Federal courts have limited jurisdiction, and limitations on the court's jurisdiction
17  must neither be disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S.
18  365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject
19  matter jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004).
20  See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-
21  matter jurisdiction, the court must dismiss the action.").

22  Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states
23  a claim for relief must contain: (1) a short and plain statement of the grounds for the court's
24  jurisdiction . . . ." In order to proceed in federal court, Plaintiff must demonstrate some right
25  of action and legal entitlement to the damages he seeks. In a case challenging violations of
26  his civil rights, the most likely source of a right to sue is **42 U.S.C. § 1983**. The Court has
27  jurisdiction over such cases pursuant to **28 U.S.C. § 1343(a)(3)**.

28  Plaintiff has not alleged that this case arises pursuant to 42 U.S.C. § 1983 or that the

- 2 -

1 Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).  He has alleged only that the Court
2 has jurisdiction pursuant to the "constitution of the state of Arizona."  A federal court does
3 not have jurisdiction to hear claims based solely on violations of a state constitution.  The
4 Court will therefore dismiss the Complaint for lack of jurisdiction.

5 **V.    Dismissal without Leave to Amend**

6 Where amendment would be futile, there is no reason to prolong litigation by allowing
7 further amendments.  Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir.2002);
8 Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293
9 (9th Cir.1983) (futile amendments should not be permitted).

10 In this case, even if Plaintiff amended his Complaint to allege a proper jurisdiction
11 basis for his claims, his claims would still be subject to dismissal.  Plaintiff claims that
12 Defendant Julian lied during Plaintiff's preliminary hearing.  The abstention doctrine set
13 forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most
14 circumstances from directly interfering with ongoing criminal proceedings in state court.  In
15 particular, the Younger abstention doctrine bars requests for declaratory and monetary relief
16 for constitutional injuries arising out of a plaintiff's current state criminal prosecution.  Mann
17 v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).

18 To the extent that Plaintiff may already be convicted, a prisoner's claim for damages
19 is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would
20 necessarily imply the invalidity of his conviction or sentence," unless the prisoner
21 demonstrates that the conviction or sentence has previously been reversed, expunged, or
22 otherwise invalidated.  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  Plaintiff's claims
23 would necessarily imply the invalidity of his conviction and would therefore be barred by
24 Heck.

25 Because amendment of the Complaint would be futile, the Court will dismiss the
26 Complaint without leave to amend.

27 **IT IS ORDERED:**

28 (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

1     (2) As required by the accompanying Order to the appropriate government agency,
2 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.60.
3     (3) The Complaint (Doc. #1) is **dismissed** without prejudice for lack of subject
4 matter jurisdiction and the Clerk of Court must enter judgment accordingly.
5     DATED this 16th day of April, 2009.

*David G. Campbell*
United States District Judge

- 4 -